# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Howard J. Ernest, | Case No.: 2:18-cv-1100-APG-CWH |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| State of Nevada, | |
| Defendants. | |

Plaintiff Howard Ernest is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). He has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*.[1] ECF No. 1, 1-1. I now screen the civil rights complaint under 28 U.S.C. § 1915A.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] I will dismiss as moot the application to proceed *in forma pauperis* (ECF No. 1).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.      SCREENING OF COMPLAINT**

Ernest sues multiple defendants for events that took place while he was incarcerated by the NDOC. ECF No. 1-1 at 1-3. He sues the State of Nevada, the Nevada Department of Corrections, the Offender Management Division, Warden Brian Williams, and James Dzurenda. *Id.* Ernest alleges five counts and seeks monetary damages. *Id.* at 8,11.

Ernest's five counts are based on five different convictions and sentences. *Id.* at 4-8. For each sentence, Ernest alleges that the Nevada Department of Corrections did not apply NRS § 209.4465(7)(b) to his minimum term. *Id.* Section 209.4465(7)(b) concerns the application of statutory credits to determine the date when a person becomes eligible for parole. For each

3

sentence, Ernest alleges that the failure to apply NRS § 209.4465(7)(b) directly caused him to be in prison longer. *Id.* He alleges this violated his rights to due process and equal protection. *Id.*

Because Ernest alleges no facts to indicate that the Equal Protection Clause applies, I construe his claims as Fourteenth Amendment due process claims only.

### A. *Heck* Bar

First I must determine if Ernest's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of his confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the period of confinement has already been invalidated. *Id.* A prisoner usually may not use § 1983 to challenge the very fact or *duration* of confinement by seeking a determination that he was entitled to a speedier release from imprisonment. *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2013). However, a prisoner may use a § 1983 action to speed up *consideration* of an application for parole consideration. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

It appears that Ernest is challenging the calculation of his parole eligibility date. NRS § 209.4465(7)(b) determines the date that Ernest would be eligible for parole, not the date on which a prisoner must be released on parole. If successful, Ernest's claim would affect the proper calculation of the date upon which he would have been eligible for *consideration* for parole, but would not necessarily affect the determination of the proper duration of his confinement. Such a claim challenging the parole eligibility date would not be barred by *Heck*.

However, Ernest also appears to allege that the error in failing to apply NRS § 209.4465(7)(b) directly caused him to be in prison longer. To the extent Ernest is challenging the duration of his confinement in prison, such claims are barred because Ernest has not shown that the duration of his confinement has been invalidated. I therefore dismiss without prejudice any such claims.

**B. Due Process**

Standard due process analysis requires the existence of a liberty or property interest. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). When there is such a liberty interest or property interest, the only other issue is whether the plaintiff was deprived of that interest without the constitutionally required procedures. *Id.* at 219-20. A mere error of state law is not a denial of due process. *Id.* at 216 (2011). Thus, an alleged error in properly applying the Nevada statute is not sufficient to constitute a denial of due process. *See Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

In addition, Ernest's interest in parole cannot be the basis for a colorable due process violation. There is no independent constitutional right to parole. *Swarthout v. Cooke*, 131 S. Ct.

859, 862 (2011). A state may create a liberty interest in parole, but the mere presence of a parole system in a state does not give rise to a constitutionally protected liberty interest in parole. *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010). A state creates a liberty interest in parole only when its statutory parole provisions use mandatory language creating a presumption that parole release will be granted and limits the parole board's discretion. *Allen*, 482 U.S. at 373-81. Nevada's statutory parole scheme generally does not use mandatory language and hence does not create a constitutionally cognizable liberty interest in parole when the parole board is deciding whether to exercise its discretion to grant parole. *Moor*, 603 F.3d at 661-62. Where there is no liberty interest in parole, there is no liberty interest in parole eligibility. *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009).

Furthermore, a state law affecting a parole eligibility date also cannot create a liberty interest as it does not inevitably affect the duration of confinement. *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995) (holding that, even when a state statute uses mandatory language, a state can create a liberty interest that invokes procedural protections under the Due Process Clause only if the state's action "will inevitably affect the duration of his sentence" or if there are prison conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

Ernest does not and cannot adequately allege a liberty interest and therefore Ernest does not and cannot state a due process claim. Accordingly, the due process claims are dismissed with prejudice, as amendment would be futile.

/ / / /

/ / / /

6

### III. CONCLUSION

IT IS ORDERED that the Clerk of the Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that, to the extent Ernest is challenging the duration of his time in prison, such claims are dismissed without prejudice and without leave to amend.

IT IS FURTHER ORDERED that Counts I through V, alleging due process claims based on allegedly incorrect calculations of Ernest's parole eligibility date, are dismissed with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly and close this case.

Dated: April 22, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE